UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWIGHT GRAHAM<br>2815 Summit Terrace<br>Linden, NJ 07036<br><br>VS.<br><br>NEW JERSEY TRANSIT RAIL<br>OPERATIONS, INC.<br>One Penn Plaza East<br>Newark, NJ 07105-2246 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   **JURY TRIAL DEMANDED**<br>: |

## COMPLAINT

1. The Plaintiff herein, Dwight Graham is a citizen of the State of New Jersey residing at 2815 Summit Terrace, Linden, NJ 07036.

2. Defendant, New Jersey Transit Rail Operations, Inc. (hereinafter referred to as "NJT"), is a corporation duly organized and doing business in the Commonwealth of Pennsylvania with its principle place of business at the above address.

3. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

4. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5. At all time material hereto, Plaintiff was employed by Defendant.

6. All of the property, equipment and operations involved in the accident herein

referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

8. On or about November 6, 2012, and for some time prior thereto, Plaintiff was employed by Defendant, NJT as a B&B structural welder and on that date in the performance of his duties he sustained the serious, permanent and painful personal injuries, more particularly hereinafter described when plaintiff was assigned to clean up and equipment repair at the Meadowlands Maintenance Complex which had been flooded. Plaintiff was caused to sustain injuries due to the negligence and carelessness of the Defendant, by not protecting him from this hazard with adequate protection. As a result, Plaintiff sustained personal injuries hereinafter described.

9. The negligence and carelessness of the Defendant consisted of the following, inter alia:

    a) Failing to provide Plaintiff with a safe place to work;

    b) Failing to warn Plaintiff of the existence of said dangerous condition;

    d) Failing to provide adequate training and instruction;

    e) Failing to assign proper protective equipment;

    f) Failing to correct the dangerous conditions existing thereon;

10. As a result of the aforesaid negligence of NJT, Plaintiff suffered reoccurring bacterial ear infections, vertigo, respiratory problems, and nervous system thereby causing periodic pain to this day.

11. As a result of the aforesaid, Plaintiff has and may hereafter incur a medically determinable physical or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

13. As a result of the aforesaid, Plaintiff suffered loss of his earnings while treating for the above injuries.

14. As a further result of the negligence of the Defendant, the Plaintiff has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, all to his great detriment and loss.

15. As a further result of the aforesaid, Plaintiff has been obliged to expend sums of money for medicines and medical care and attention in and about an effort to effect a cure of his aforesaid injuries, and he will be obliged to continue to expend sums of money for the same purposes for an indefinite time in the future, all to his great detriment and loss.

WHEREFORE, Plaintiff, Dwight Graham, claims of the Defendant, a sum not in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00).

**KELLER & GOGGIN, P.C.**

By: /s/James M. Duckworth
JAMES M. DUCKWORTH, ESQUIRE
Attorney I.D. No. 83017
1528 Walnut Street
Suite 900
Philadelphia, PA 19102
(215) 735-8780
Attorneys for Plaintiff

# VERIFICATION

I, *Dwight D. Graham*, have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief. This statement and verification is made subject to the penalties or 18 Pa. C.S.A.Sec. 4904 relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.

*/s/ Dwight D. Graham*